**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY BOND,<br><br>  Petitioner,<br><br> v.<br><br>WARDEN OF FORT DIX,[1]<br><br>  Respondent. | Civil Action No. 21-17600 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Danny Bond pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Also before the Court is Petitioner's motion to amend his petition. (ECF No. 7.) The Government also filed a response to the petition (ECF No. 8), to which Petitioner replied. (ECF No. 9.) For the following reasons, this Court will deny the petition and will deny Petitioner's motion to amend.

**I.     BACKGROUND**

Petitioner is a convicted federal prisoner currently detained at the Fort Dix Federal Correctional Institution. (ECF No. 1 at 1.) His conviction arises out of his conviction following a jury trial to being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g) entered in

---

[1] In his original petition, Petitioner named David Ortiz, then the warden of Fort Dix FCI, as the respondent. (*See* ECF No. 1.) In its answer, the Government contends that the respondent should be changed to reflect the acting warden in charge of Fort Dix at the time. (*See* ECF No. 8 at 7.) As the sole proper respondent in a habeas matter is the warden of the facility in which the petitioner is detained, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), and as it appears that the current warden of Fort Dix may have changed once more, this Court will direct the Clerk of Court to amend the caption of this matter to name the Warden of Fort Dix as the respondent.

2009 in the Eastern District of Pennsylvania, which ultimately led to his being sentenced to 276 months imprisonment in light of Petitioner's being found to be a career offender under both the sentencing guidelines and the Armed Career Criminal Act. *See United States v. Bond*, No. 12-5597, 2021 WL 3630416, at *1 (E.D. Pa. Aug. 17, 2021).

Petitioner appealed his sentence, but the Third Circuit affirmed his conviction and sentence. *Id.* He thereafter also sought to challenge his conviction via a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. *Id.* Petitioner's sentencing court denied that motion following an evidentiary hearing in 2014, and the Third Circuit denied a certificate of appealability. *Id.* In June 2020, Petitioner also filed a motion, which the Eastern District of Pennsylvania construed as an improper second or successive § 2255 motion raising a challenge to his conviction pursuant to *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019). The Eastern District dismissed that petition as an improper § 2255 motion brought without leave of the Court of appeals. *Bond*, 2021 WL 3630416 at *2.

In his current petition, Petitioner seeks once again to raise a *Rehaif* challenge to his conviction, arguing that his conviction must be overturned as the jury at his trial were not instructed that they had to find that he knew he was a felon at the time he possessed a firearm in order to convict him, which Petitioner seeks to raise via § 2241. In his motion to amend, Petitioner further seeks to challenge his sentence, arguing that he was improperly found to be subject to the Armed Career Criminal Act as he believes the statute of conviction for his three underlying drug offenses, 35 P.S. § 780-113(a)(30), should no longer qualify as a serious drug offense sufficient to support application of the Armed Career Criminal Act. (*See* ECF No. 7.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

### III.   DISCUSSION

In his current petition, Petitioner challenges his § 922(g) conviction pursuant to *Rehaif*. While a § 2241 habeas petition may properly be used to challenge the execution of a criminal sentence, such a petition may normally not be used to challenge the validity of the conviction or sentence themselves. *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

A prisoner may instead challenge his conviction through a § 2241 petition filed in his district of confinement, however, when he can show that the remedy available through a § 2255 motion is inadequate or ineffective to test the legality of his detention. *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). The § 2255 remedy will only be inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52. The § 2255 remedy will not be inadequate or ineffective merely because the petitioner cannot meet that statute's gatekeeping requirements, and will instead be inadequate only in the rare circumstances where an intervening change of law renders a given conviction unlawful *and* the petitioner was deprived of a previous opportunity to raise a challenge on that basis. *Dorsainvil*, 119 F.3d at 251-

3

52. A petitioner seeking to use § 2241 must therefore assert "a claim of actual innocence [based] on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision . . . that applies retroactively on collateral review" and is "otherwise barred from challenging the legality of the conviction under § 2255 . . . [as he] had no earlier opportunity to challenge his conviction" on the basis of the intervening change in law. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (internal quotations omitted).

Turning first to Petitioner's *Rehaif* claim, it is clear that he did not earlier have an opportunity to raise that claim – his first § 2255 motion was denied years before *Rehaif*, and, absent permission from the Court of Appeals, he is barred from filing another. *Bond*, 2021 WL 3630416 at *2. The applicability of the *Dorsainvil* exception thus turns on whether Petitioner has presented a claim of actual innocence – i.e. a claim asserting that he is factually innocent of the § 922(g) charge and "it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A *Rehaif* error alone, however, does not establish that the petitioner is actually innocent and that his conviction must be overturned. *See, e.g., Greer v. United States*, --- U.S. ---, ---, 141 S. Ct. 2090, 2098 (2021).

In *Rehaif*, the Supreme Court held that, in order to be found guilty of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g), the Government must show that a criminal defendant knew that he fell into one of the categories of people barred from possessing a firearm, such as an individual who was previously convicted of a felony, at the time that he knowingly possessed a firearm. 139 S. Ct. at 2194. *Rehaif*, however, "did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Guerrero v. Quay*, No. 20-39, 2020 WL 1330667, at *4 (M.D. Pa. Mar. 23, 2020) (quoting *United States v. Bowens*, 938 F.3d 790, 797

4

(6th Cir. 2019)). A petitioner will not be entitled to relief under *Rehaif* unless he can show that he was actually prejudiced by the alleged error – i.e. that a jury would not have convicted him had it been instructed that it had to find he knew of his prohibited status. *Greer*, 141 S. Ct. at 2098. Demonstrating such prejudice "will be difficult for most convicted felons for one simple reason: Convicted felons typically know that they're convicted felons." *Id.* (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020)). *Rehaif* thus provides no avenue for relief, let alone a basis for finding actual innocence, unless the petitioner at the very least shows some basis for concluding a jury would have found he did not know he was a prohibited person at the time he possessed the firearm. *Id.*

The facts at hand are not on Petitioner's side. Although Petitioner asserts that he believes he is now actually innocent of violating § 922(g), he has shown no such thing. The record clearly indicates that Petitioner had at least three drug convictions under Pennsylvania law, resulting in his being sentenced to well over a year in prison for each offense, prior to his possession of a firearm. (*See* Sentencing Tr., E.D. Pa. Docket No. 08-465 at ECF No. 71 at 8-10.) Indeed, at trial, the record of one of these convictions, including the fact that it was a felony carrying a sentence of over a year of prison time, was admitted. (*See* Trial Tr., E.D. Pa. Docket No. 08-465 at ECF No. 74 at 75-76.) Petitioner fails to provide any reason to believe that he did not know about his felon status, and the trial record is utterly devoid of any testimony to suggest that Petitioner was unaware of his felonious history. As "[f]elony status is simply not the kind of thing that one forgets," and "absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* that he was a felon based on the fact that he was a felon," *Greer*, 141 S. Ct. at 2097, and because Petitioner has failed to provide any reason a jury would conclude that he did not know that he was a felon in light of his prior convictions and as the trial transcript is devoid of any such reason, there is little doubt that a properly instructed jury would have found that Petitioner did in fact know of

5

his felon status. Petitioner has thus not shown that he was actually innocent – i.e. that no reasonable juror could have found him guilty – and has in any event failed to show any basis for relief on his *Rehaif* claim. *Id.* at 2097-98. Thus, even if this Court were to assume *arguendo* that Petitioner could raise his *Rehaif* claim under *Dorsainvil*, Petitioner is not entitled to relief on that claim. Petitioner's habeas petition must therefore be denied because he simply can not prevail on his *Rehaif* claim.

In addition to Petitioner's habeas petition, Petitioner has also filed in this matter a motion to amend his petition in which he seeks to essentially raise a *Mathis* challenge to his being found to be an armed career criminal based on his belief that although the Pennsylvania drug statute under which he was convicted was not broader than the equivalent federal offense at the time of his conviction, he now believes it to be so because one chemical – Loflupane – was removed from the federal drug schedules, but not from those of Pennsylvania. Petitioner's argument, however, ignores the Third Circuit's decision in *United States v. Daniels*, 915 F.3d 148 (3d Cir. 2019). In *Daniels*, the Third Circuit held that a violation of Petitioner's statute of conviction, 35 P.S. § 780-113(a)(30), does constitute a serious drug offense sufficient to support an armed career criminal act application, and that the statute is in any event divisible by the type of the drug involved. *Id.* at 152-167, 152 n. 3; *see also United States v. Abbott*, 748 F.3d 154, 157-60 (3d Cir. 2014) (finding the Pennsylvania statute to be divisible by drug type, and finding that violations involving cocaine related drugs were "serious drug offenses" under the ACCA). Petitioner's arguments about Loflupane – a prescription drug which was *not* involved in any of his offenses, each of which involved PCP, cocaine, or crack cocaine – only distract from the facts of this case. In other words, because a conviction based on Loflupane may not support an ACCA finding is of no moment to Petitioner's convictions involving cocaine, crack cocaine, and PCP. Under the Third Circuit's decision in *Daniels*, which is binding upon this Court, those crimes remain valid ACCA predicates,

6

and Petitioner's ACCA claim, to the extent such a claim could be raised in a § 2241 petition is without merit.[2] As Petitioner's amendment is therefore futile, his motion to amend is denied. *See, e.g., Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (motion to amend may be denied as futile where the claim to be raised would be subject to dismissal).

## IV.  CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is denied and his motion to amend is denied as futile. An order consistent with this Opinion will be entered.

*[signature]*
Hon. Karen M. Williams,
United States District Judge

---

[2] Because the claim is meritless and the amendment may be denied as futile, this Court need not determine whether this claim must be raised in a § 2255 motion or could be raised through *Dorsainvil* at this time.

7